LOGAN MOTOR COMPANY, a corporation,
Appellant,

v.

LENDERS, Incorporated, a corporation,
Appellee.

No. 1814.

Municipal Court of Appeals for the
District of Columbia.

Argued July 23, 1956.

Decided Oct. 1, 1956.

Robert T. Smith, Washington, D. C., for appellant.

Harry Protas, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is by Logan Motor Company from a judgment against it in favor of Lenders, Incorporated, in the sum of $107.-31, the amount of a check issued by Lenders to one Gray, who with his wife is a third-party defendant to this action, and used by him in the purchase of an automobile from Logan.

The facts are not in dispute. Gray applied to Lenders for a loan to enable him to buy an automobile from Logan. Lenders agreed to make the loan provided Logan would deliver to Lenders the vehicle's title with a preferred lien recorded thereon. Logan agreed to this and in reliance thereon Lenders issued its check to Gray who immediately endorsed it specially to Logan. Directly below Gray's endorsement was written, presumably by Lenders, "Endorsement guarantees lien and delivery of title

**512**

to Lenders Incorporated free & clear of all other liens on a 46 Olds 4 door sedan," followed by motor and serial numbers. Logan accepted the check, endorsed it, and deposited it. When sale to Gray was made Logan delivered certificate of title to Gray and failed to record Lenders' lien. Gray made no payments to Lenders and later abandoned the automobile. It was thereafter seized and sold by the Metropolitan Police Department [1] for an amount not disclosed at trial. Logan admitted that through error it had failed to record Lenders' lien. The trial court gave judgment to Lenders against Logan for the amount of the check and in turn gave judgment to Logan against Gray for the same amount.

On this appeal Logan's position in effect is that although it breached its agreement with Lenders, Lenders failed to offer any evidence of the damages it suffered by reason of such breach. Lenders' position is that the check was delivered to Logan on condition that its lien be recorded and that failure to record constituted failure of consideration. We think Logan's position is correct.

 Lenders could not maintain an action on the check itself, because it was the drawer of the check. In fact the check had been used exactly as Lenders intended it should be used. Lenders' complaint is not with the manner in which the check was used, but with the failure of Logan to carry out its agreement respecting the lien after use of the check. As we view the case, it is simply one for breach of contract. The measure of damages was "the value of the benefit contracted for." Thompson v. Rector, 83 U.S.App.D.C. 371, 373, 170 F.2d 167, 169. Here the benefit contracted for was a first lien on the automobile, but there was no proof of the value of the lien and therefore no proof of the loss to Lenders. There was no proof of the value of the automobile and the trial court was not at liberty to infer that the lien, had it been properly recorded, would have had an actual value equal to its face value. The value of the lien is to be determined as of the date of the sale by Logan to Gray and not, as contended by Logan, as of the date Gray abandoned the automobile.

The judgment will be reversed with instructions to grant a new trial limited to the sole issue of the amount of damages. Although the third-party defendants have not appealed from the judgment against them, that judgment was dependent upon the judgment against Logan, and it also will be reversed with the same instructions.

Reversed with instructions.